```
Jeff Pollack, SBN 72274
ROBERT A. GOLDSTEIN,
A PROFESSIONAL LAW CORPORATION
1430 Franklin Street, Suite 202
Oakland, California 94612
Tele: (510) 834-6720
Fax: (510) 834-5476
Attorney for plaintiff Chudi C. Iwu
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUDI C. IWU, <br><br> Plaintiff, <br><br> vs. <br><br> GENESIS LENDING GROUP, INC., PETER A. CAMPELLONE, RONALD GRAVES, SARAH GRAVES <br><br> Defendants. | Case No. C07-06506 CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Initial Case Management Conference <br><br> Date:  4/4/2008 <br> Time:  8:30 AM <br> Place: Ctrm. 8, 19th Fl. S.F. |

Plaintiff Chudi C. Iwu and defendant Peter A. Campellone, by and through said parties' attorneys, hereby submit the following Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(a)(1) and Civil Local Rule 16-9:

1. <u>Jurisdiction and Service:</u>

The court's subject matter jurisdiction over the first and second claims for relief alleged in plaintiff's Complaint is based on 12 U.S.C. Section 2614 and 28 U.S.C. Section 1331 in that these claims arise under 12 U.S.C. Section 2607 and the laws of the United States. The court's subject matter jurisdiction over the third through eleventh claims for relief in plaintiff's Complaint, which claims are brought under California law, are related to plaintiff's federal claims, arise out of a common nucleus of facts related to the federal claims, and are part of the same case and controversy under Article III of the United States Constitution, is based on 28 U.S.C. 1367 which provides the Court with supplemental jurisdiction to hear and determine those claims.

**JOINT CASE MANAGEMENT STATEMENT**

1   Defendant Genesis Lending Group, Inc. ("Genesis) was served with the Summons and
2   Complaint and related documents on January 31, 2008. Service was accomplished by serving
3   co-defendant Peter A. Campellone who plaintiff contends and Defendant disputes is and was
4   the managing agent of Genesis within the meaning of FRCivP 4(h)(1). Service was
5   accomplished on Mr. Campellone pursuant to FRCivP 4(h)(1) and by substituted service
6   under California Code of Civil Procedure Section 415.20. Since Genesis has failed to file
7   responsive pleadings to plaintiff's Complaint, plaintiff will file a request to enter a clerk's
8   default against Genesis.
9   Defendant Peter A. Campellone was served with the Summons and Complaint.
10  Because of health problems (hospitalization, major abdominal surgery, and recuperation
11  time) Mr. Campellone has not filed response to plaintiff's Complaint but is expected to do so
12  on April 1, 2008.
13  Defendant Sarah Graves was personally served with the Summons and Complaint on
14  March 8, 2008. Her last day to file a response to the Complaint was March 28, 2008.
15  Defendant Ronald Graves was served pursuant to FRCivP 4(e)(2) on March 9, 2008.
16  His last day to file a response to the Complaint is March 31, 2008.
17  2. <u>Facts:</u>
18  Defendant Genesis was licensed by the California Department of Real Estate ("DRE")
19  as a real estate broker and engaged in the business in California of arranging loans for
20  borrowers secured by real estate. Defendant Campellone was Genesis's designated corporate
21  officer to hold a DRE broker's license pursuant to California Business & Professions Code
22  Section 10211. Defendants Ronald Graves and Sarah Graves were the sole officers, directors
23  and employees of Genesis who dealt directly with plaintiff regarding the loans at issue in this
24  case.
25  In January 2007 Graves arranged a loan (hereinafter referred to as "the January 2007
26  loan") for plaintiff and plaintiff's wife with lender Countrywide Home Loans
27  ("Countrywide") in the sum of $725,350 secured by a first deed of trust on plaintiff's and
28  plaintiff's wife's former home and residence located at 54 Glen Canyon Court, Pittsburg,

**JOINT CASE MANAGEMENT STATEMENT**          2

1 California ("plaintiff's home").

2 In April 2007 Graves arranged another loan for plaintiff and plaintiff's wife with lender Mortgage Investment Lending Associates ("MILA") (hereinafter referred to as "the April 2007 loan") in the sum of $747,000 which paid off the January 2007 loan from Countrywide and was secured by a first deed of trust on plaintiff's home.

The primary factual issues in dispute from plaintiff's point of view are: (1) Whether defendants intentionally or negligently misrepresented to plaintiff prior to the close of escrow of the January 2007 loan that if plaintiff agreed to first allow Genesis to arrange a mortgage loan for plaintiff that would pay off most of plaintiff's non-mortgage debts, Genesis could and would then promptly arrange another mortgage loan for plaintiff that would be a negative amortization loan (known in the loan industry as a "pay-option-ARM" loan) that would pay off the first loan that Genesis would arrange for plaintiff and reduce his monthly mortgage payments to no more than $3,000 per month for at least the first twelve (12) months of the loan; (2) Whether defendants intentionally or negligently misrepresented to plaintiff after the close of escrow of the January 2007 loan and prior to the close of the April 2007 loan that the negative amortization loan that he had previously promised to arrange for plaintiff was no longer available in the mortgage loan market; (3) Whether in connection with the January 2007 loan defendants concealed from plaintiff that Genesis would request and receive a Yield Spread Premium ("YSP") from the lender, Countrywide, in consideration for arranging a mortgage loan for plaintiff and his wife with an interest rate higher than the interest rate plaintiff and his wife were allegedly otherwise qualified to receive from Countrywide; (4) Whether in connection with the April 2007 loan defendants concealed from plaintiff that he and Genesis would request and receive a YSP from the lender, MILA, in consideration for arranging a mortgage loan for plaintiff and his wife with an interest rate higher than the interest rate plaintiff and his wife were allegedly otherwise qualified to receive from MILA; (5) Whether defendants provided any legitimate services to plaintiff within the meaning of the federal Real Estate Procedures Settlement Act ("RESPA"), 12 U.S.C. 2601 - 2617) in connection with the January 2007 loan to justify Genesis receiving a YSP from Countrywide

**JOINT CASE MANAGEMENT STATEMENT**            3

1  in the sum of $14,507; (6) Whether defendants provided any legitimate service to plaintiff
2  within the meaning of RESPA in connection with the April loan to justify defendants
3  receiving a YSP from MILA in the sum of $4,855; (7) Whether defendants breached their
4  agreement with plaintiff to not charge plaintiff any loan fees for arranging the April 2007
5  loan; and (8) Whether defendants breached their agreement with plaintiff to refund the
6  appraisal fee plaintiff paid in connection with the April 2007 loan.
7        The primary factual issues from defendant Campellone's point of view are: (9)
8  Whether Campellone was an officer, director, stockholder, or agent for service of process for
9  Genesis; (10) Wether the YSP's were provided, stated, known to and within the diligent
10 attention and observation of Plaintiff and Plaintiff's spouse before the loans were closed and
11 funded ; (11) Whether Plaintiff and his spouse and Graves intentionally or negligently
12 overstated Plaintiff's and Plaintiff's spouse's respective incomes to obtain the loans and the
13 loan proceeds; (12) Whether Plaintiff and his spouse and Graves intentionally or negligently
14 concealed from the lenders that Plaintiff's spouse would be quitting her job in order to obtain
15 the loans and the loan proceeds; (13) Whether Campellone's alleged acts and omissions were
16 those of the corporation and not as an individual.
17       3. <u>Legal Issues</u>:
18       The principal legal issues involved in this case from plaintiff's point of view are:
19       (1) The mixed factual and legal issue of whether defendant Campellone is individually
20 liable for the acts and omissions of co-defendants Genesis, Ronald Graves, and Sarah Graves
21 alleged in the Complaint based on (a) Campellone being the person designated by the DRE to
22 be the responsible managing broker for Genesis and its officers and employees, (b) general
23 agency principles, (c) conspiracy with co-defendants Ron Graves and Sarah Graves, and (d)
24 the doctrine of alter ego;
25       (2) Whether defendants' receipt of a YSP from Countrywide in the sum of $14,507 in
26 connection with the January 2007 loan violated the prohibition of RESPA set forth in 12
27 U.S.C. Section 2607(a) against providers of settlement services receiving referral fees or
28 kickbacks;

**JOINT CASE MANAGEMENT STATEMENT**    4

(3) Whether defendants' receipt of a YSP from MILA in the sum of $4,855 in connection with the April 2007 loan violated the prohibition of RESPA set forth in 12 U.S.C. Section 2607(a) against providers of settlement services receiving referral fees or kickbacks.

The principal legal issues involved in this case from defendant Campellone's point of view are:

(4) Whether defendant Campellone may be held personally liable to Plaintiff for the alleged damages sustained as a claimed result of Grave's alleged fraud and misrepresentations when he did not assist, direct, or help in any way with the handling of the loans and escrows;

(5) Whether defendant Campellone may be held personally liable to Plaintiff when Graves was not an agent of Campellone;

(6) Whether defendant Campellone owed any duty to Plaintiff to supervise Graves' work;

(7) Whether the Countrywide YSP was fully disclosed and acknowledged before the loan was closed and funded;

(8) Whether the MILA YSP was fully disclosed and acknowledged before the loan was closed and funded;

4. Motions:

There are no prior and pending motions. Plaintiff and Campellone may file a summary judgment under FRCivP 56 depending on information received during discovery and investigation of this case.

5. Amendment of Pleadings:

Plaintiff does not expect to amend his Complaint.

6. Evidence Preservation:

The parties have and will continue to preserve all documents and emails they have regarding the issues involved in this case.

7. Disclosures:

Plaintiff has fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 by mailing to defendant Campellone's attorney today, March 28, 2008, the

1 disclosures required by Fed. R. Civ. P. 26(a)(1) including the mailing of all documents in
2 plaintiff's possession, custody and control that plaintiff believes are relevant to the is case.
3    8. <u>Discovery:</u>
4    No discovery has been taken to date. Plaintiff intends to conduct the following
5 discovery: (1) A set of interrogatories to defendant Campellone, (2) A set of document
6 requests to Campellone, (3) A set of requests for admisstions to Campellone, (4) A subpoena
7 to State Farm Insurance Company to obtain a copy of all insurance policies, endorsements,
8 and other documents reflecting insurance coverage for Genesis, its officers, agents, and
9 employees during the period November 2006 through April 2007; (5) A subpoena to
10 Countrywide to obtain a copy of its complete file concerning the January 2007 loan including
11 the rate sheet(s) it used with respect to the January 2007 loan and documents pertaining to the
12 YSP it paid to defendants regarding the loan; (5) A subpoena to MILA to obtain a copy of its
13 complete file concerning the April 2007 loan including the rate sheet(s) it used with respect to
14 the April 2007 loan and documents pertaining to the YSP it paid to defendants regarding the
15 loan; (6) A deposition of defendant Campellone, (7) A deposition of Ron Graves, and (8) A
16 deposition of Sarah Graves. This discovery will be completed by September 2008.
17    Defendant Campellone intends to conduct the following discovery: (1) Interrogatories;
18 (2) Demand for Production of Documents; (3) Deposition of and Production of Documents at
19 Deposition by Plaintiff; (4) Deposition of and Production of Documents at Deposition by
20 Plaintiff's Spouse and Co-Borrower, Loretta O. Iwu;  (5) Request for Admissions; (6)
21 Subpoenas Duces Tecum to the Custodian of Records of a) CountryWide (Loan Documents),
22 b) MILA (Loan documents); c) The Escrow Factory (Escrow Documents); d) Genesis
23 (Emails, Correspondence, Compliance Disclosure Templates); (7) Depositions of, and
24 Production of Documents at deposition by, a) Ron Graves and b) Sarah Graves. Other and
25 further discovery will likely be conducted as a result of the above. The discover will be
26 completed by December, 2008.
27    9. <u>Class Actions:</u>
28    Not applicable because this case is not a class action.

**JOINT CASE MANAGEMENT STATEMENT**         6

10. Related Cases:

There are no related cases.

11. Relief:

Plaintiff is seeking the following relief against all the defendants:

(1) A monetary judgment on the first claim for relief in the sum of $43,521.00 representing three times the YSP of $14,507 that defendants received for arranging the January 2007 loan pursuant to 12 U.S.C. Section 2607(d)(2);

(2) A monetary judgment on the second claim for relief in the sum of $14,565.00 representing three times the YSP of $4,855 that defendants received for arranging the April 2007 loan pursuant to 12 U.S.C. Section 2607(d)(2);

(3) A monetary judgment on the third, fourth, and seventh claims for relief in the sum of $17,513.15 representing all the loan fees and other fees that plaintiff paid to defendants and other parties in connection with the January 2007 loan;

(4) Punitive damages in the sum of $300,000 on the third claim for relief for defendants' intentional misrepresentations in connection with the January 2007 loan;

(5) A monetary judgment on the fifth, sixth, and eighth claims for relief in the sum of $9,694.00 representing all the loan fees and other fees that plaintiff paid to defendants and other parties in connection with the April 2007 loan;

(4) Punitive damages in the sum of $300,000 on the third claim for relief for defendants' intentional misrepresentations in connection with the April 2007 loan;

(5) A monetary judgment in the sum of $40,363.91 on the ninth and tenth claims for relief representing the difference between (a) the increase of the mortgage indebtedness on plaintiff's home in the sum of $94,750.00 after GENESIS arranged the January 2007 loan and the April 2007 loan, and (b) the total of the payments of plaintiff's non-mortgage debts, property taxes, and insurance that were paid by the January 2007 loan and the April 2007 loan;

(6) For attorneys fees and costs of suit pursuant to 12 U.S.C. Section 2607(d)(5).

Defendant Campellone intends to seek the following relief by Answer, Counterclaim,

Cross-Claim or Third Party Claim:

(7) Misrepresentation, Indemnity, Contribution, Declaratory Relief, and damages Against Plaintiff and Plaintiff's spouse;

(8) Breach of Contract, Fraud, Negligence, Indemnity, Contribution, Declaratory Relief, and Damages against Genesis, Ron Graves, Sarah Graves.

12. <u>Settlement and ADR:</u>

Plaintiff's attorney has filed the ADR certification. Plaintiff also will file a stipulation with defendant Campellone stipulating to mediation under the Court's mediation procedure. Plaintiff really does not know what the prospects of settlement are at this point.

13. <u>Consent to Magistrate Judge For All Purposes:</u>

The parties do not consent to a Magistrate.

14. <u>Other References:</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

At this point, no issues appear to be amenable to being narrowed except that the parties, after producing their initial documents to each other as part of their initial disclosures, will probably be able to stipulate that Genesis arranged the January 2007 and April 2007 loans, the terms of those loans, the loan fees charged to plaintiff in those loans, and the amount of the YSPs that Genesis received from those loans.

16. <u>Expedited Schedule:</u>

This case cannot be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling:</u>

The designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conferences and trial as called for under the Federal Rules of Civil Procedure and the Court's orders.

18. <u>Trial:</u>

The case will be tried to a jury. The expected length of the trial will be 5 to 7 days.

JOINT CASE MANAGEMENT STATEMENT            8

| | |
|---|---|
| 1 | 19. <u>Disclosure of Non-party Interested Entities or Persons:</u> |
| 2 | Plaintiff's attorney will sign and file a certification stating that pursuant to Civil Local Rule 3-16, plaintiff's counsel certifies that as of the date of the certification, other than the named parties, there is no such interest to report. Defendant Campellone's attorney will file a similar certification. |
| 6 | 20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:</u> |
| 8 | None. |

Dated: April 1, 2008          ROBERT A. GOLDSTEIN,
                              A PROFESSIONAL LAW CORPORATION

                              By:  _____/S/_____
                              Jeff Pollack, Attorney for plaintiff
                              Chudi C. Iwu

Dated: April 1, 2008          LAW OFFICES OF RICHARD JAY BLASKEY

                              By:  _____/S/_____
                              Richard Jay Blaskey, Attorney for
                              defendant Peter A. Campellone

**JOINT CASE MANAGEMENT STATEMENT**          9