LAW OFFICES RICHARD JAY BLASKEY
RICHARD JAY BLASKEY, ESQ. - BAR NO. 89223
rjblaw@1stcounsel.com
Plaza Huntington Beach
17011 Beach Boulevard, Suite 900
Huntington Beach, CA      92647-5998
Telephone: (714) 375-6604
Facsimile  : (714) 375-6632

Attorneys for Defendant,
PETER A. CAMPELLONE

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHUDI C. IWU, | NO.: C07-06506-CRB |
| Plaintiffs, | DEFENDANT'S, PETER A. CAMPELLONE'S, |
| v. | ANSWER AND AFFIRMATIVE DEFENSES |
| GENESIS LENDING GROUP, INC., PETER A. CAMPELLONE, RONALD GRAVES, SARAH GRAVES, | TO COMPLAINT. |
| | DEMAND FOR JURY TRIAL. |
| Defendants. | |

|||

|||

|||

-1-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

Defendant, Peter A. Campellone, for himself alone, and for no one else, and in answer to the Complaint for Damages on file herein, admits, denies, and alleges as follows:

1. Answering paragraphs  1. and 2., Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraphs, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

2. Answering paragraph 3., Defendant admits the allegations therein contained.

3. Answer paragraph 4., Defendant admits that Genesis Lending Group, Inc. was and is a California corporation licensed by the California Department of Real Estate as a real estate broker.  Except as expressly admitted,  Defendant denies each and every, all and singular, generally and specifically, the remaining allegations therein contained.

4. Answering paragraph 5., Defendant admits, and only that, Defendant Ronald Graves was an agent and/or employee of, and only of, Defendant, Genesis Lending Group, Inc., was licensed by the DRE as a salesperson, and worked in Genesis' office at 8925 Research Drive, Irvine, California. Except as expressly admitted, Defendant denies each and every, all and singular, generally and specifically, the remaining allegations therein contained.

5. Answering paragraph 6, Defendant admits that, and only that, Defendant Sarah Graves was an  employee of, and only of, Defendant, Genesis Lending Group, Inc., was licensed by the DRE as a salesperson, worked in Genesis' office at 8925 Research Drive, Irvine, California, and was the wife of Defendant Ronald Graves. Except as expressly admitted , Defendant denies each and every, all and singular, generally and specifically, the remaining allegations therein contained.

6. Answering paragraph 7, Defendant admits that, and only that, he was Genesis' designated corporate officer to hold a DRE broker's license pursuant to

-2-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

1    Business & Profession Code Section 10211.  Except as expressly admitted, Defendant
2    denies each and every, all and singular, generally and specifically, the remaining
3    allegations therein contained.

4          7. Answering paragraphs 8. and 9., Defendant denies each and every, all and
5    singular, generally and specifically, the allegations therein contained.

6          8.  Answering paragraphs 10., 11., 12., and 13., Defendant lacks information and
7    belief sufficient to enable him to answer the allegations of said paragraphs, and, basing
8    his denial on that ground, denies each and every, all and singular, generally and
9    specifically, the allegations therein contained.

10         9.  Answering paragraph 14., Defendant admits that, and only that, Defendant
11   Genesis received a Yield Spread Premium.  Except as expressly admitted, Defendant
12   denies each and every, all and singular, generally and specifically, the remaining
13   allegations therein contained.

14         10. Answering paragraph 15., Defendant admits that, and only that, Defendant
15   Genesis, as a mortgage broker licensed by the DRE, had a duty to disclose the total of
16   the brokerage or commissions contracted for, or to be received by, the real estate
17   broker for services performed as an agent in negotiating, procuring, or arranging the
18   loans. Except as expressly admitted, Defendant lacks information and belief sufficient
19   to enable him to answer the remaining allegations of said paragraph, and, basing his
20   denial on that ground, denies each and every, all and singular, generally and
21   specifically, the allegations therein contained.

22         11.  Answering paragraphs 16., 17. and 18.,   Defendant lacks information and
23   belief sufficient to enable him to answer the allegations of said paragraphs, and, basing
24   his denial on that ground, denies each and every, all and singular, generally and
25   specifically, the allegations therein contained.

26

-3-

27   DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
     AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.
28

1     12. Answering paragraph 19., Defendant admits the amount of the principal, the

2 interest rate, the interest-only payments stated in, and the reported loan fees and  Yield

3 Spread Premium paid to Genesis from the January 2007 loan as per the final closing

4 escrow statement.  Except as expressly admitted, Defendant lacks information and

5 belief sufficient to enable him to answer the remaining allegations of said paragraph,

6 and, basing his denial on that ground, denies each and every, all and singular,

7 generally and specifically, the allegations therein contained.

8     13. Answering paragraphs 20., 21., 22., 23., 24., 25., 26. and 27., there being no

9 averred paragraph 28.,  Defendant lacks information and belief sufficient to enable him

10 to answer the allegations of said paragraphs, and, basing his denial on that ground,

11 denies each and every, all and singular, generally and specifically, the allegations

12 therein contained.

13     14. Answering paragraph 29., Defendant admits the amount of the principal, the

14 interest rate, the interest-only payments stated in, and the reported loan fees and  Yield

15 Spread Premium paid to Genesis from the April 2007 loan as per the final closing

16 escrow statement.  Except as expressly admitted, Defendant lacks information and

17 belief sufficient to enable him to answer the remaining allegations of said paragraph,

18 and, basing his denial on that ground, denies each and every, all and singular,

19 generally and specifically, the allegations therein contained.

20 ANSWER TO FIRST CLAIM FOR RELIEF:

21     15. Answering paragraphs 1. - 29. as realleged and incorporated by reference at

22 paragraph 30., Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

23     16. Answering paragraphs 31. and 32., Defendant admits the allegations therein

24 contained.

25     17. Answering paragraph 33.,  Defendant lacks information and belief sufficient

26

-4-

27 DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

28

to enable him to answer the allegations of said paragraph, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

18. Answering paragraph 34., Defendant admits that, and only that, Countrywide paid Defendant Genesis a $14,507 Yield Spread Premium for the January 2007 loan. Except as expressly admitted, defendant denies each and every, all and singular, generally and specifically, the remaining allegations therein contained.

19. Answering paragraphs 35., 36. and 37., Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO SECOND CLAIM FOR RELIEF:

20. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 38, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

21. Answering paragraphs 39. and 40., Defendant admits the allegations therein contained.

22. Answering paragraph 41., Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraph, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

23. Answering paragraph 42., Defendant admits that, and only that, Mortgage Investment Lending Associates paid Defendant Genesis a $4,855 Yield Spread Premium for the April 2007 loan. Except as expressly admitted, defendant denies each and every, all and singular, generally and specifically, the remaining allegations therein contained.

24. Answering paragraphs 43, 44 and 45, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

-5-
DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

ANSWER TO THIRD CLAIM FOR RELIEF:

25. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 46, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer

26. Answering paragraphs 47 and 48, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO FOURTH CLAIM FOR RELIEF:

27. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 49, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer

28. Answering paragraph 50, Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraph, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

29. Answering paragraph 51, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO FIFTH CLAIM FOR RELIEF:

30. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 52, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

31. Answering paragraph 53, Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraph, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

32. Answering paragraph 54, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO SIXTH CLAIM FOR RELIEF:

33. Answering paragraphs 1. - 29. as realleged and incorporated by reference at

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

paragraph 55, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

34. Answering paragraph 56, Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraph, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allega-tions therein contained.

35. Answering paragraph 57, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO SEVENTH CLAIM FOR RELIEF:

36. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 58, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

37. Answering paragraphs 59., 60. and 61, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO EIGHTH CLAIM FOR RELIEF:

38. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 62, Defendant realleges paragraphs 1.- 13., inclusive, of his Answer.

39. Answering paragraph 63. and paragraphs 60. *[Sic]* and 61 *[Sic]*, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO NINTH CLAIM FOR RELIEF:

40. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 62. *[Sic]*, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

41. Answering paragraph 63. *[Sic]*, Defendant admits that, and only that, Defendant Genesis owed plaintiff a duty to exercise reasonable care and diligence in arranging any loan for plaintiff.

42. Answering paragraphs 64.*[Sic]* and 65.*[Sic]*, Defendant denies each and

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO TENTH CLAIM FOR RELIEF:

43. Answering paragraphs 1. - 29. as realleged and incorporated by reference at paragraph 69.*[Sic]*, Defendant realleges paragraphs 1.- 14., inclusive, of his Answer.

44. Answering paragraphs 70. *[Sic]*, 71.*[Sic]*, and 72.*[Sic]*, Defendant lacks information and belief sufficient to enable him to answer the allegations of said paragraphs, and, basing his denial on that ground, denies each and every, all and singular, generally and specifically, the allegations therein contained.

45. Answering paragraph 73.*[Sic]*, Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

ANSWER TO ELEVENTH CLAIM FOR RELIEF:

46. Answering paragraphs 1. - 73. as realleged and incorporated by reference at paragraph 74.*[Sic]*, Defendant realleges paragraphs 1.- 45., inclusive, of his Answer.

47. Answering paragraphs 75.*[Sic]*, 76.*[Sic]*, 77.*[Sic]*, 78.*[Sic]*, and 79.[*Sic*], Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained.

SEPARATE AFFIRMATIVE DEFENSES:

First Separate and Affirmative Defense:

48. The Court lacks subject matter jurisdiction, the case commenced in the wrong district.  Venue belongs in, and the case should be transferred to, the United States District Court, Central District of California, Santa Ana Division.

Second Separate and Affirmative Defense:

49. The first and second causes of action fail to state facts sufficient to state a claim or claims against Defendant for any violation of RESPA.

|||

-8-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

Third Separate and Affirmative Defense:

50. The third and fifth causes of action fail to state facts sufficient to state a claim or claims against Defendant for Intentional Misrepresentation and/or Concealment.

Fourth Separate and Affirmative Defense:

51. The fourth and sixth causes of action fail to state facts sufficient to state a claim or claims against Defendant for Negligent Misrepresentation

FIfth Separate and Affirmative Defense:

52. The seventh and eighth causes of action fail to state facts sufficient to state a claim or claims against Defendant for Breach of any Fiduciary Duty.

Sixth Separate and Affirmative Defense:

53. The ninth cause of action fails to state facts sufficient to state a claim or claims against Defendant for Negligence.

Seventh Separate and Affirmative Defense:

54. The tenth cause of action fails to state facts sufficient to state a claim or claims against Defendant for Breach of Contract.

Eighth Separate and Affirmative Defense:

55. The eleventh cause of action fails to state facts sufficient to state a claim or claims against Defendant for Unfair Trade Practices against Defendant.

Ninth Separate and Affirmative Defense:

56. The Complaint, each and every purported cause of action, and the whole thereof, is barred the applicable Statute of Limitations.

Tenth Separate and Affirmative Defense:

57. The Complaint, each and every cause of action, and the whole thereof is barred by the provisions of California Civil Code Section 1624.

|||

-9-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

Eleventh Separate and Affirmative Defense:

58. The Complaint, each and every cause of action, and the whole thereof is barred.  The  items that Plaintiff claims Defendant allegedly failed to disclose or allegedly concealed, all of which claims are expressly denied, were provided,  known to and within the diligent attention and observation of  Plaintiff and Plaintiff's spouse.

Twelfth Separate and Affirmative Defense:

59.  Plaintiff  has not sustained any alleged detriment, loss or damage, in any sum or sums whatsoever, or at all,  as a result of any alleged act,  any alleged omission, or any perceived fiduciary or other  obligation or duty claimed by them to be attributable to Defendant.

Thirteenth Separate and Affirmative Defense:

60.  Plaintiff comes into this Court with unclean hands and should be denied any and all claimed relief. Defendant has been informed and believes and, based thereon, alleges that Plaintiff and Plaintiff's spouse misrepresented and over-stated their incomes in order to qualify for and obtain the loans' proceeds. Defendant has further been informed and believes, and based thereon alleges, that Plaintiff and Plaintiff's spouse concealed from and did not disclose to the lenders that Plaintiff's spouse intended to quit her job(s) once the loan(s) were obtained and/or funded, all to further qualify for and obtain the loan proceeds.

Fourteenth Separate and Affirmative Defense:

61. The Complaint, each and every cause of action, and the whole thereof, is barred by the equitable doctrines of waiver and estoppel.

Fifteenth Separate and Affirmative Defense:

62.  The allegations and requests for relief  in the Complaint were directly and proximately caused, in whole or in part, by the intentional, negligent or other acts or

-10-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

omissions of Plaintiff and Plaintiff's spouse, and each of them.  Therefore, Plaintiff's potential rights and entitlements, which are expressly denied,  are barred  or reduced to the extent of his own intentional, negligent or other conduct under the doctrines of comparative negligence and comparative bad faith, among others.

Sixteenth Separate and Affirmative Defense:

63.  Defendant has, to the extent necessary and required by law,  performed all terms,  acts,  duties  and conditions which may have been required on his  part to be performed,  except those terms, acts, duties, transactions and conditions the performance of which was not required, required by others,  precluded by law, prevented,  hindered,  and excused  by Plaintiff and Plaintiff's spouse, concealed from him by others, or precluded  by operation of law.

Seventeenth Separate and Affirmative Defense:

64. Plaintiff's  Complaint, each and every purported cause of action, and the whole thereof, fails to state any  facts  sufficient to  support   any recovery of any exemplary or punitive damages against Defendant.

Eighteenth Separate and Affirmative Defense:

65.  At no time relevant herein has Defendant made any representations or misrepresentations, whatsoever, or at all to, committed any alleged fraud or concealments, any claimed oppression, or any perceived  malice against, nor has he ever engaged in any other so-called despicable acts or conduct, whatsoever, at all, toward Plaintiff or Plaintiff's spouse, which could or would ever entitle Plaintiff, if ever, to any award of any purported  punitive or alleged  exemplary damages.

Nineteenth Separate and Affirmative Defense:

66.  Any potential imposition of exemplary or punitive damages, if any, against Defendant in this case would:  a) Violate Defendant's right to due process guaranteed

-11-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.


by the Fifth and Fourteenth Amendments of the United States Constitution and by

Article I, §§ 7 and 25 of the Constitution of the State of California; b) Violate

Defendant's right to equal protection of the laws, as guaranteed by the equal protection

clause of the Fourteenth Amendment of the United States Constitution and by Article

I, § 7, of the Constitution of the State of California; c) Violate Defendant's right to be

free from excessive fines, which rights are guaranteed by the Eighth Amendment of the

United States Constitution and by Article I, § 17, of the Constitution of the State of

California; and, d) Impair the obligation of contracts in violation of the contract clause

of Article I, § 10 of the United States Constitution and by Article I, § 9 of the Constitution

of the State of California.

Twentieth Separate and Affirmative Defense:

67. Plaintiff, and Plaintiff's spouse, and each of them, knowingly, willingly, and

voluntarily assumed and undertook the risks of any and all of the alleged damages, if

any, claimed in the purported complaint.

Twenty-First Separate and Affirmative Defense:

68. To the extent that Plaintiff has ever sustained any of the alleged damages

claimed by him or ever claimed by his spouse, which assertions are expressly denied,

Plaintiff and his spouse have failed and refused to mitigate any such damages.

Twenty-Second Separate and Affirmative Defense:

69. There is a non-joinder of an essential party, to wit: Plaintiff's wife and co-

borrower, Loretta Iwu.

Twenty-Third Separate and Affirmative Defense:

70. Defendant affirmatively alleges that, as a qualifying broker for a corporate

real estate broker, to wit, Genesis Lending Group, Inc., Defendant has no individual nor

any personal liability to the Plaintiff borrower for any alleged damages resulting from the

-12-

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.

qualifying broker's alleged breach of duty or alleged negligence in the performance of any duty to supervise another real estate agent and/or broker employed by the corporate broker as a salesman.  Defendant affirmatively alleges that Defendants, Ronald Graves and/or Sarah Graves, were, at all times relevant herein, employed by the corporate broker Genesis Lending Group, Inc., as salespersons, that Defendants Ronald Graves and/or Sarah Graves were, at all times relevant herein, both the agents for the Plaintiff and Plaintiff's spouse and the corporate broker Genesis, and, at no time relevant herein were they ever the alleged agents for Defendant. Defendant therefore owed no duties, whatsoever, or at all, to Plaintiff or Plaintiff's spouse to supervise Defendants Ronald Graves and/or Sarah Graves.  Defendant therefore has no individual nor personal liability, whatsoever, or at all, to Plaintiff or Plaintiff's spouse for any of the alleged statements, representations, claims, misrepresentations, suppressions, concealments, and non-disclosures which Plaintiff's complaint alleges solely against and attributes solely to Defendant Ronald Graves.

Twenty-Fourth Separate and Affirmative Defense:

71. Defendant is informed and believes, and based thereon alleges, that Plaintiff and Plaintiff's spouse dealt with corporate Defendant, Genesis Lending Group, Inc., a California corporation ("the corporation"), as a  corporation separate, apart and distinct from Defendant and from Defendants  Ronald Graves and Sarah Graves. Defendant is informed and believes, and based thereon alleges, that Plaintiff and Plaintiff's spouse were fully aware of said Defendants relationship with the corporation and any alleged capitalization issues, if there were any, as claimed within Plaintiff's complaint. At all times mentioned in the complaint and relevant herein, Defendant and the corporation, and each of them, relied on the fact that Plaintiff and Plaintiff's spouse at all times dealt with the corporation as a separate and distinct entity.  Application in Plaintiff's behalf of

-13-

1    the doctrine of disregarding the corporate entity is therefore not required by equity and

2    would be wholly and highly inequitable and unjust as to Defendant.

3    PRAYER :

4    WHEREFORE , Defendant, Peter A. Campellone, prays for Judgment as follows:

5         1. That Plaintiff, Chudi C. Iwu, take nothing by virtue of his complaint;

6         2. That the complaint be dismissed;

7         3. For reasonable attorney's fees and costs incurred in the defense of the within

8    action as may be recoverable by contract, law, or statute, and as may be assessed and

9    fixed by this Court, according to proof;

10        4. For costs of suit herein incurred; and,

11        5. For such other and further relief as to this Court seems just and proper.

12   Dated: APRIL 2, 2008        Respectfully submitted,

13                               LAW OFFICES RICHARD JAY BLASKEY

14                               /s/ RICHARD JAY BLASKEY

15                               _____
16                               RICHARD JAY BLASKEY, ESQ. - BAR NO. 89223
                                 Attorneys for Defendant,  PETER A. CAMPELLONE

17   DEMAND FOR JURY TRIAL

18        Defendant, Peter A. Campellone, requests a trial by jury on all issues and

19   affirmative defenses triable thereby.

20   Dated: APRIL 2, 2008        Respectfully submitted,

21                               LAW OFFICES RICHARD JAY BLASKEY

22                               /s/ RICHARD JAY BLASKEY

23                               _____
24                               RICHARD JAY BLASKEY, ESQ. - BAR NO. 89223
                                 Attorneys for Defendant,  PETER A. CAMPELLONE

25   |||

26
                                 -14-
27          DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
         AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.
28

PROOF OF SERVICE                              CASE NO.: C07-06506-CRB
STATE OF CALIFORNIA, COUNTY OF ORANGE

I, RICHARD JAY BLASKEY, ESQ., am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My business address is 17011 Beach Boulevard, Suite 900, Huntington Beach, CA 92647-5998, and I am so employed in Orange County, California.

On APRIL 2, 2008, I served a true and correct copy of the foregoing

DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL

⊠ on counsel of record for Plaintiff in said action ⊠ by placing □ the original ⊠ a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Huntington Beach, California, addressed as follows:

JEFF POLLACK, ESQ.
ROBERT A. GOLDSTEIN,
A PROFESSIONAL LAW CORPORATION
1430 FRANKLIN STREET, 2ND FLOOR
OAKLAND, CA 94812

⊠ BY MAIL
⊠ I deposited such envelope in the mail at Huntington Beach, California. The envelope was mailed with postage thereon fully prepaid.

□ BY PERSONAL SERVICE
I delivered such envelope by hand □ To the addressee □ To the addressee's offices.

□ BY USPS EXPRESS MAIL OR FEDERAL EXPRESS
I deposited such envelope in a sealed USPS Express Mail or FedEx envelope/package with fees or postage thereon fully prepaid for overnight delivery to the addressee by Express Mail or FedEx.

⊠ BY FACSIMILE TRANSMISSION TO (510) 834-5476
At or near 6:15 p.m. on April 2, 2008, I served the foregoing document on the addressee by facsimile transmission pursuant to C.R.C. Rule 2008. The sending machine's number was (714) 375-6632. Addressee's receiving machine's number was (510) 834-5476. The transmission was reported complete and without any error.

⊠ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

⊠ I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                              /s/ RICHARD JAY BLASKEY
DATED: APRIL 2, 2008 _____
                              RICHARD JAY BLASKEY ESQ.

-15-
DEFENDANT'S, PETER A.CAMPELLONE'S, ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL.